# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY ANN JACKSON-MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01292-SRC |
| ) | |
| MERS GOODWILL INDUSTRIES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Beverly Ann Jackson-McDonald for leave to commence this civil action without prepayment of the required filing fee. Doc. 2. Having reviewed the motion, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Jackson-McDonald is a self-represented litigant who brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Doc. 1 at 1. She names MERS Goodwill Industries and Tammy Brown as defendants.[1] Doc. 1 at 2.

---

[1] The Court notes that Jackson-McDonald has attached to her complaint EEOC Right to Sue Charging Letters from Schnucks, Walmart, JC Penny, Sam's Club, and Schnucks Markets. Furthermore, Jackson-McDonald has listed Schnucks Markets as the defendant in her motion for leave to proceed in forma pauperis, motion to appoint counsel, and civil cover sheet. However, MERS Goodwill and Tammy Brown are the only defendants listed in the case caption of the complaint, and the only defendants identified in the form complaint. Therefore, the Court will treat MERS Goodwill and Tammy Brown as the defendants in this action.

On her form complaint, Jackson-McDonald indicates that the nature of her case involves a failure to hire; a failure to promote; termination of employment; different terms and conditions of employment; retaliation; and harassment. Doc. 1 at 4. In the section for Jackson-McDonald to specify other conduct, she states that she "refuse[d] orgy acts." She further indicates a belief that she was discriminated against based on her race, religion, color, gender, and age. Doc. 1 at 5.

Due to the nature of Jackson McDonald's factual allegations, they are best presented in full, without any corrections made to spelling or punctuation:

> Same As the other employers – If I dont go Along with – Team exquisite orgys – Friends – thief – it's your Job – you will No Longer Have I Refused Team exquisite, orgys friends, sex partners – I had no Job from it.
>
> briefly Again I had No Job from it – they fired Me in front of the team exquisite orgy crew. for No partakening – orgy Acts with people or Animals cruel, People And thieft. I did go Along – so they Fired Me each time No income Again And Again From it for Years

Doc. 1 at 5-6. In the section of the form complaint for Jackson-McDonald to state her request for relief, she asserts that "they took [her] employment" when she refused "to indulge" in sexual orgies. Doc. 1 at 7.

## Discussion

Jackson-McDonald is a self-represented litigant who brings this action pursuant to Title VII and the ADEA. Having reviewed the complaint pursuant to 28 U.S.C. § 1915, the Court has determined that it is subject to dismissal for failure to state a claim. However, because Jackson-McDonald is proceeding pro se, she will be allowed the opportunity to file an amended complaint.

### A. Defects in Complaint

As noted above, Jackson-McDonald's complaint is subject to dismissal. To begin, she has not presented sufficient facts to state a claim under Title VII. The purpose of Title VII is to ensure

3

a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). To establish a prima facie case, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). A plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[2] burden shifting framework.

Here, Jackson-McDonald's allegations fail to meet these requirements. In particular, she does not allege that she was discriminated against based on any of the Title VII characteristics. Indeed, she never specifies her own race, color, religion, or sex, nor does she allege membership in any protected class. The Court cannot assume facts that are not pleaded. Furthermore, Jackson-McDonald does not present any facts demonstrating disparate treatment, as the complaint is void of any allegation that similarly situated employees of a different race, color, religion, sex, or national origin were treated more favorably.

Jackson-McDonald does broadly allege that her refusal to participate in group sexual activities at work led to her termination. To the extent that Jackson McDonald is attempting to state a Title VII harassment claim, she must allege that: (1) she is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a causal nexus or connection between the harassment and her membership in the protected group; and (4) that the harassment affected a

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

term, condition, or privilege of employment. *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted). "Sexual harassment is quid pro quo if a tangible employment action follows the employee's refusals to submit to a supervisor's sexual demands." *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 863 (8th Cir. 2009) (quoting *Henthorn v. Capitol Commc'ns, Inc.*, 359 F.3d 1021, 1026–27 (8th Cir. 2004).

In this case, it is not clear from the complaint who made the purported sexual demands on Jackson McDonald. That is, she uses the term "they" without ever naming any person or persons who made the demands. She also does not describe any person or persons as holding a supervisory position over her. Instead, Jackson McDonald relies on a vaguely worded statement that she was fired for not participating in "exquisite [orgies]," without providing any other supporting detail. In order to claim quid pro quo sexual harassment, Jackson-McDonald must provide factual allegations as to the sexual demands made of her, who made the demands, and how those demands related to the employment actions taken by defendant. Additionally, Jackson McDonald does not state any allegations indicating that she is a member of a protected group and therefore, her claim of harassment fails. For all these reasons, Jackson McDonald has not stated a Title VII claim.

With regard to the ADEA, Jackson-McDonald has likewise failed to state a claim. "The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005); *see also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his

5

compensation, terms, conditions, or privileges of employment, because of such individual's age."). To state a prima facie case under the ADEA, a plaintiff must show that : (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

Here, Jackson-McDonald meets the first and third requirements, as she asserts that she was born in 1960 and suffered an adverse employment action. However, she presents no allegations regarding her qualifications for her position, or that substantially younger, similarly situated employees were treated more favorably. To the contrary, the substance of Jackson McDonald's complaint has nothing whatsoever to do with her age. Rather, she states that she was fired for failing to participate in a vaguely defined group sex act. As such, Jackson McDonald has failed to state an ADEA claim.

As discussed above, Jackson-McDonald's complaint is subject to dismissal. Because Jackson McDonald is a self-represented litigant, however, the Court will direct her to file an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Jackson-McDonald should type or neatly print her amended complaint on the Court's employment discrimination complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Jackson-McDonald should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Jackson-McDonald may add

additional sheets of paper. However, **all** the defendants must be clearly listed. Jackson-McDonald should fill out the complaint form in its entirety.

In the section of the form complaint to state her claim, Jackson-McDonald should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Jackson-McDonald should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Jackson-McDonald should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Jackson-McDonald may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Jackson-McDonald should specify all legal grounds for her employment discrimination lawsuit, and provide all required information regarding the defendant or defendants. She should detail all facts regarding the specific conduct she believes is discriminatory. Jackson-McDonald is required to set out her alleged claims in a simple, concise, and direct manner, and to also present the facts supporting her claims as to the named defendant or defendants. The Court emphasizes that Jackson-McDonald is required to provide more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Moreover, she must present factual allegations that are "enough to raise a right to relief above the speculative level." *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Jackson-McDonald is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922,

928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  If Jackson-McDonald fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Jackson-McDonald.

### C. Motion to Appoint Counsel

Jackson-McDonald has filed a motion to appoint counsel.  Doc. 3.  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  In particular, the Court is not convinced that Jackson McDonald has stated a non-frivolous claim, or that she or the Court will benefit from the assistance of counsel.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly, the Court grants Jackson-McDonald's motion for leave to proceed in forma pauperis. The Court denies Jackson-McDonald's motion for appointment of counsel. The Court further orders that the Clerk of Court shall send to Jackson-McDonald a copy of the Court's employment discrimination complaint form. The Court orders Jackson-McDonald to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above. If Jackson-McDonald fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

So Ordered this 18th day of February 2021.

*SL R. CR*

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**