# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY ANN JACKSON-MCDONALD,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>MERS GOODWILL INDUSTRIES, et al.,   )<br>)<br>)<br>Defendants.   ) | No. 4:20-cv-01292-SRC |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On February 18, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 4). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant. On September 1, 2020, she filed a civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). (Docket No. 1). Her complaint named MERS Goodwill Industries and Tammy Brown as defendants. Plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

In her complaint, plaintiff alleged discrimination on the basis of race, religion, color, gender, and age. Specifically, she asserted that she had suffered adverse employment consequences after refusing to participate in orgies at work.

On February 18, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 4). Because plaintiff was proceeding in forma pauperis, the Court reviewed

her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal. In particular, the Court noted that plaintiff's vague factual allegations were insufficient to state a claim under either Title VII or the ADEA.

Rather than dismiss her case outright, the Court directed plaintiff to file an amended complaint. She was sent a copy of the Court's employment discrimination form, and was given instructions in the order on how to fill it out. Plaintiff was given thirty days to comply. The Court advised her that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As noted above, on February 18, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. Plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice. The amended complaint was due on or before March 22, 2021.

The deadline for plaintiff to file her amended complaint has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. She has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, since the filing of the complaint, the Court has had no further communications from plaintiff whatsoever.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Beck v. Moynihan*, 2013 WL 69243, at *1 (8th Cir. 2013) (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative)). Because plaintiff

has not complied with the Court's order of February 18, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of February 18, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of April, 2021.

                                                *SL R. Cl*
                                         STEPHEN R. CLARK
                                         UNITED STATES DISTRICT JUDGE